**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**DARNELL R. HICKS,**

                                        **Plaintiff,**

        vs.                                                          **1:25-CV-1598 (Lead)**
                                                                     **(MAD/MJK)**

**TROOPER D.M. BRICKER #996, TROOPER**
**JOHN DOE #5640, TROOPER J.C. JENNINGS**
**#3510, and NEW YORK STATE POLICE –**
**ZONE 2,**

                                        **Defendants.**

---

**SHAKENA MARTIN,**

                                        **Plaintiff,**

        vs.                                                          **1:25-CV-1599 (Member)**
                                                                     **(MAD/MJK)**

**TROOPER D.M. BRICKER #996, TROOPER**
**#5640, and TROOPER J.C. JENNINGS BADGE**
**#3510,**

                                        **Defendants.**

---

**APPEARANCES:**                        **OF COUNSEL:**

**DARNELL R. HICKS**
Kingston, New York
Plaintiff, *pro se*

**SHAKENA MARTIN**
Kingston, New York
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

                            **ORDER**

1

On November 13, 2025, two *pro se* complaints were filed in the Northern District of New York: one by Plaintiff Darnell Hicks and one by Plaintiff Shakena Martin.  They both moved to proceed *in forma pauperis*.  The complaints detail nearly identical factual situations, stemming from a traffic stop on November 7, 2025.  In sum and substance, Plaintiff Hicks was pulled over by New York State Troopers for alleged traffic violations and Plaintiff Martin, his girlfriend, stopped at the scene to observe and electronically record the interaction.  Plaintiffs were both allegedly issued citations or traffic tickets and all parties then drove away from the scene. Through their separate complaints, Plaintiffs have filed claims for violations of their constitutional rights under the First, Fourth, and Fourteenth Amendments pursuant to 42 U.S.C. § 1983.

On January 12, 2026, Magistrate Judge Mitchell J. Katz issued a single Order & Report-Recommendation in both cases.  *See* Dkt. No. 5.[1]  Magistrate Judge Katz first granted Plaintiffs' IFP motions.  *See id.* at 4.  He then recommended that the Court consolidate the two cases because the complaints raise nearly identical legal claims with common issues of law and fact. *See id.* at 6.  Magistrate Judge Katz also recommended that the complaints be dismissed for failure to state the following claims: illegal seizure under the Fourth Amendment, illegal search under the Fourth Amendment, retaliation under the First Amendment, municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), fabricated evidence under the Fourteenth Amendment, and New York Civil Rights law § 79-n.  *See id.* at 7-20.  Magistrate Judge Katz recommended that Plaintiffs be permitted to amend their complaints.  *See id.* at 20.

Neither Plaintiff filed objections to the Order & Report-Recommendation.

---

[1] Throughout this decision, the Court will refer to the filing number for the Order & Report-Recommendation filed in *Hicks v. Trooper D.M. Bricker*, 1:25-CV-1598, as the first filed case.

When a party declines to file objections to a magistrate judge's report-recommendation, the district court reviews the report-recommendation for clear error. *See Hamilton v. Colvin*, 8 F. Supp. 3d 232, 236 (N.D.N.Y. 2013); *see also Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 359 (2d Cir. 2025). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

With no objections before the Court, it will review the Order & Report-Recommendation for only clear error.

As an initial matter, the Court agrees with Magistrate Judge Katz's recommendation to consolidate the two cases. The Court agrees that Plaintiffs' complaints raise similar legal claims stemming from the same set of facts. As such, consolidation is prudent. Should Plaintiffs amend their complaints, they should do so in a single complaint which should be filed in case number 1:25-CV-1598, the lead case. The Court cautions Plaintiffs that one *pro se* individual is not permitted to bring a lawsuit on behalf of another *pro se* individual. Any amended pleading must be a complete pleading, which cannot refer to a prior filing. An amended pleading supersedes and replaces all prior pleadings.

As to the merits of the claims brought by Plaintiffs Hicks and Martin, Magistrate Judge Katz correctly concluded that they failed to state any claims. As to the Fourth Amendment claims, Plaintiffs have not alleged an illegal search or seizure. Based on the allegations in their complaints, Martin was neither seized nor searched, as she stopped her vehicle on the side of the road after Hicks had been pulled over. No part of her person or vehicle was allegedly searched. As to Hicks, Magistrate Judge Katz accurately recited and applied the law that there can be no Fourth Amendment violation when there is alleged probable cause for a stop and/or search. *See*

Dkt. No. 5 at 7-13.  Plaintiff Hicks alleges that he was driving over the speed limit and that despite being stopped for tinted windows, his "front windows were down and fully visible."  Dkt. No. 1 at 2.

It is well settled that "[a] traffic stop is reasonable if the stopping officer has 'probable cause or reasonable suspicion that the person stopped has committed a traffic violation or is otherwise engaged in or about to be engaged in criminal activity.'"  *United States v. Leeper*, 577 F. Supp. 3d 48, 60 (N.D.N.Y. 2021) (quoting *United States v. Gomez*, 877 F.3d 76, 86 (2d Cir. 2017)).  "Even a 'minor' traffic violation meets this standard and provides probable cause for a stop."  *Id.* (quoting *United States v. Scopo*, 19 F.3d 777, 782 (2d Cir. 1994)); *see, e.g.*, *United States v. Harrell*, 268 F.3d 141, 149 (2d Cir. 2001) ("[A]n 'objectively reasonable' police officer would have suspected the windows were tinted in violation of § 375(12–a)(b) of the Vehicle & Traffic Law.  Accordingly, we conclude that probable cause existed to stop the car"); *United States v. Foreste*, 780 F.3d 518, 526 (2d Cir. 2015) ("[B]oth the Massachusetts and the Vermont stop were reasonable in duration and scope.  Trooper Loiselle properly stopped Foreste and Cesar's vehicle for speeding").

Likewise, "once a vehicle is lawfully stopped, a police officer's looking through the windows into the vehicle from outside, even when shining a flashlight to illuminate the inside of the vehicle, does not constitute a 'search' of the vehicle within the meaning of the Fourth Amendment."  *Mollica v. Volker*, 229 F.3d 366, 369 (2d Cir. 2000) (collecting cases).  And, "'once a motor vehicle has been lawfully detained for a traffic violation, the police officers may order the driver to get out of the vehicle without violating the Fourth Amendment's proscription of unreasonable searches and seizures.'"  *Arizona v. Johnson*, 555 U.S. 323, 331 (2009) (quoting *Pennsylvania v. Mimms*, 434 U.S. 106, 111, n.6 (1977)).

4

Accordingly, the Court finds no error in Magistrate Judge Katz's analysis and conclusions regarding Plaintiffs' alleged Fourth Amendment claims.  The same conclusion is appropriate as to Plaintiff Martin's state law illegal search claim.  *See* Dkt. No. 5 at n.2.

As to the retaliation claims, the Court agrees with Magistrate Judge Katz that neither Plaintiff stated such a claim.  *See* Dkt. No. 5 at 13-15.  "The existence of probable cause will . . . defeat a First Amendment claim that is premised on the allegation that defendants prosecuted a plaintiff out of a retaliatory motive, in an attempt to silence [him or] her."  *Fabrikant v. French*, 691 F.3d 193, 215 (2d Cir. 2012).  As Magistrate Judge Katz stated, Plaintiff Martin does not explain what ticket she was issued and how it was retaliatory nor does Plaintiff Hicks allege a lack of probable cause for the issuance of his traffic tickets.  *See* Dkt. No. 5 at 13-15.  There is no clear error in the conclusion that Plaintiffs failed to state a First Amendment claim.

As to municipal liability, Plaintiff Hicks alleges only "Monell – Failure to Train and Supervise."  Dkt. No. 1 at 3.  Magistrate Judge Katz appropriately recited the law and correctly concluded that Plaintiff Hicks failed to state such a claim.  *See* Dkt. No. 5 at 16-17.  Plaintiff Hicks provided no factual allegations concerning a failure to train theory of liability.  Neither did Plaintiff Martin.  "To properly plead a *Monell* claim based upon a theory of failure to train or supervise, a plaintiff must identify a specific deficiency in the [municipality's] training program and establish that said deficiency is closely related to the ultimate injury, such that it actually caused the constitutional deprivation."  *Forrest v. Cnty. of Greene*, 676 F. Supp. 3d 69, 77 (N.D.N.Y. 2023) (quoting *Alwan v. City of New York*, 311 F. Supp. 3d 570, 579 (E.D.N.Y. 2018)) (quotation marks omitted).  Plaintiff Hicks's reference to *Monell* does not meet that standard.

Magistrate Judge Katz next recommended dismissal of Plaintiffs' Fourteenth Amendment Due Process fabrication of evidence claims.  *See* Dkt. No. 5 at 18-19.  Magistrate Judge Katz

5

accurately discussed the applicable law and concluded that Plaintiffs' allegations are too sparse and vague to state such a claim. *See id.* Without any allegations that Plaintiff Hicks' tickets were false, i.e., that he was not speeding and did not have tinted windows, or more specific allegations as to what Plaintiff Martin's ticket was for, the Court cannot permit a fabricated evidence claim to proceed. *Cf. Barnes v. City of New York*, 68 F.4th 123, 129 (2d Cir. 2023) ("Barnes met his pleading obligation to present more than conclusory allegations that the officers fabricated the drug sale account. He alleged that he was talking to a friend when the Defendant Officers arrested him; that the Defendant Officers knowingly lied to the prosecutor in relaying that they witnessed Barnes sell drugs").

In her complaint, Plaintiff Martin references New York Civil Rights Law § 79-n. Magistrate Judge Katz correctly stated that § 79-n "prevents individuals from harassing or calling police officers on other persons, based on statutorily protected classifications, when the individual who harasses or calls the police has no reason to suspect a violation of New York's criminal law." Dkt. No. 5 at 19; *see also Kuiken v. Cnty. of Hamilton*, 669 F. Supp. 3d 119, 134 (N.D.N.Y. 2023) ("New York Civil Rights Law § 79-n is a relatively new law, and, as such, there is little guidance as to its applicability. . . . Nevertheless, the legislative history of the statute indicates that it applies only to bias-related violence or intimidation"). There is no clear error in Magistrate Judge Katz's recommendation to dismiss Plaintiff Martin's claim for failure to sufficiently allege harassment and discriminatory conduct.

Finally, Magistrate Judge Katz was correct in recommending that Plaintiffs be permitted to amend their complaints. *See* Dkt. No. 5 at 20. "[P]ro se litigants should be afforded at least one pre-dismissal opportunity to amend 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Mitchell v. New York*, No. 23-705, 2024 WL

319106, *2 (2d Cir. Jan. 29, 2024) (quoting *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013)).  Amendment does not appear futile and leave to amend is appropriate.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Katz's Order & Report-Recommendation (Dkt. No. 5 in 1:25-CV-1598 and Dkt. No. 6 in 1:25-CV-1599) is **ADOPTED in its entirety** for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiffs' complaints (Dkt. No. 1 in 1:25-CV-1598 and Dkt. No. 1 in 1:25-CV-1599) are **DISMISSED** without prejudice and with leave amend within **thirty (30) days** of the date of this Order; and the Court further

**ORDERS** that the Clerk of the Court shall consolidate cases No. 1:25-CV-1598 and No. 1:25-CV-1599; and the Court further

**ORDERS** that the Clerk of the Court shall designate case No. 1:25-CV-1598 as the lead case and case No. 1:25-CV-1599 as the member case; and the Court further

**ORDERS** that all future filings should be made in the lead case, only; therefore, should Plaintiffs amend their complaint, such amendment should filed as a single amended complaint in the lead case; and the Court further

**ORDERS** that, if Plaintiffs fail to file an amended complaint within **thirty (30) days** of this Order, the Clerk of the Court shall enter judgment in Defendants' favor and close the cases, without further order of this Court; and the Court further

**ORDERS** that the Clerk of the Court file this Order in both dockets, No. 1:25-CV-1598 and No. 1:25-CV-1599; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Order upon Plaintiffs in accordance with Local Rules.

**IT IS SO ORDERED.**

Dated:  March 12, 2026
        Albany, New York

Mae A. D'Agostino
U.S. District Judge